UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUKHDEV SINGH,<br><br>Petitioner,<br><br>v.<br><br>SERGIO ALBARRAN, et al.,<br><br>Respondents. | No.  1:26-cv-04837-DAD-JDP<br><br>ORDER GRANTING IN PART PETITION FOR WRIT OF *HABEAS CORPUS* AND DENYING PETITIONER'S MOTION FOR TEMPORARY RESTRAING ORDER AS MOOT<br><br>(Doc. Nos. 1, 2) |

On June 23, 2026, petitioner filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE").  (Doc. No. 1.)  Therein, petitioner alleges that he was released on his own recognizance in October 2024 after entering the United States, and on May 28, 2026, ICE re-detained him.  (*Id.* at 2.)  Petitioner seeks immediate release and award of costs and reasonable attorneys' fees.  (*Id.* at 24.)  On June 24, 2026, petitioner filed a motion for temporary restraining order, seeking his immediate release from detention.  (Doc. No. 2.)

The same day, the court set a briefing schedule as to petitioner's motion for temporary restraining order and directed respondents to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this

1

court has decided.  (Doc. No. 5.)  In that same order, the court directed that if respondents opposed the court ruling on the underlying petition based on the current briefing before it, respondents were to so indicate in the opposition and provide substantive reasons in support of that position.  (*Id.*)

On June 25, 2026, respondents filed a combined response to the *habeas* petition and opposition to the motion for temporary restraining order.  (Doc. No. 6.)  Therein, respondents argue that petitioner is detained pursuant to 8 U.S.C. § 1225(b)(2) (*id.* at 2), an argument which the undersigned has rejected on several prior occasions.  *See Wasef v. Chestnut*, No. 1:26-cv-01078-DAD-JDP (HC), 2026 WL 392389, at *2–3 (E.D. Cal. Feb. 12, 2026).  Respondents concede that there does not appear to material differences between this case and most of those cited in the court's June 24, 2026 order.  (Doc. No. 6 at 3.)  Respondents have not disputed any of the facts that petitioner alleged in his petition, nor have they argued that he is a danger to the community or a flight risk.  Respondents assert that if the court does not intend to deny the petition for writ of habeas corpus, it should be held in abeyance pending a Ninth Circuit decision on the issues raised in the petition.  (*Id.* at 4.)  Respondents provide no substantive reasons for this assertion and cite no authority in support of it.

In light of the evidence that petitioner was previously released, the court incorporates and adopts the reasoning set forth in its prior order *Ayala Cajina v. Wofford*, No. 1:25-cv-01566-DAD-AC (HC), 2025 WL 3251083 (E.D. Cal. Nov. 21, 2025), in which the court concluded that the petitioner's prior release by immigration authorities created a liberty interest in his continued release and that his re-detention absent a pre-deprivation hearing violated due process.  Accordingly, the court will grant petitioner's petition for writ of habeas corpus.

For the reasons explained above,

1.      Petitioner's petition for writ of *habeas corpus* (Doc. No. 1) is GRANTED in part as follows:

        a.      Respondents are ORDERED to immediately release petitioner Sukhdev Singh, A-File No. 241-871-590, from respondents' custody on the same conditions he was subject to prior to his re-detention on May 28, 2026;

2

        b.      Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-deprivation bond hearing before an immigration judge at which hearing the government shall bear the burden of justifying petitioner's detention by clear and convincing evidence;

        c.      Petitioner's request for costs and reasonable attorney's fees is DENIED without prejudice to bringing a properly noticed and supported motion;

2.     Petitioner's motion for temporary restraining order (Doc. No. 2) is hereby DENIED as having been rendered moot by this order granting him *habeas* relief;

3.     The Clerk of the Court is directed to serve a copy of this order on the Mesa Verde Detention Center; and

4.     The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and to CLOSE this case.

IT IS SO ORDERED.

Dated:   **June 26, 2026**                  _Dale A. Drozd_
                                             DALE A. DROZD
                                             UNITED STATES DISTRICT JUDGE